UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| EDWARD LANDRY,<br><br>      Plaintiff,<br><br>v.<br><br>USAA SAVINGS BANK,<br><br>      Defendant. | Case No.:<br><br>Judge:<br><br>Magistrate: |

**COMPLAINT WITH JURY DEMAND**

TO THE HONORABLE COURT:

Plaintiff, EDWARD LANDRY ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, USAA SAVINGS BANK ("Defendant"), alleging as follows:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

**JURISDICTION AND VENUE**

2. Since Defendant conducts business in the state of Louisiana, this Honorable Court has personal jurisdiction over Defendant.

3. Subject-matter jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C §1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## PARTIES

5. Plaintiff is a natural person residing in Lafayette Parish, in the city of Lafayette, Louisiana and is otherwise sui juris.

6. Defendant is a Nevada corporation doing business in the state of Louisiana, with its principal place of business in Las Vegas, Nevada.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant is a "person" as defined by 47 U.S.C. §153 (10).

9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

10. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (337) 257-31XX.

11. Defendant placed collection calls to Plaintiff from various telephone numbers including, but not limited to, (800) 531-0378.

12. Upon information and belief and based on Defendant's prior business practices, Defendant's calls were placed with an automatic telephone dialing system.

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Edward Landry.

14. Defendant's automated calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On or about December 6, 2017, Plaintiff called Defendant's company at phone number (800) 955-6600, spoke with Defendant's representative named "Hunter," and requested that Defendant cease calling Plaintiff's cellular telephone.

18. During the conversation, Plaintiff gave Defendant his telephone number and answered various security questions, in order to assist Defendant in identifying him and accessing Plaintiff's account before asking Defendant to stop calling his cellular telephone.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on December 6, 2017.

20. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff starting on December 11, 2017.

21. Defendant continued to place collection calls to Plaintiff on his cellular telephone at least through April 2018.

22. Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff via the use of an automatic telephone dialing system, Defendant continued to place at least two hundred eighty-four (284) telephone calls via the use of an automatic telephone dialing system to Plaintiff's cellular telephone.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227(b)(3)(B)

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

25. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

26. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, EDWARD LANDRY, respectfully requests judgment be entered against Defendant, USAA SAVINGS BANK, as follows:

a. Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: two hundred eighty-four (284) for a total of one hundred forty-two thousand dollars ($142,000.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial; and

c. Granting Plaintiff such other and further relief as may be just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(3)(C)

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

28. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 et seq., Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, EDWARD LANDRY, respectfully requests judgment be entered against Defendant, USAA SAVINGS BANK, as follows:

a. Awarding Plaintiff statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: two hundred eighty-four (284) for a total of four hundred twenty-six thousand dollars ($426,000.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial; and

c. Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

31. Plaintiff demands a jury trial on all issues so triable.

Dated: July 16, 2018

RESPECTFULLY SUBMITTED,

By: */s/ Dorothy Butler Lawrence*
Dorothy Butler Lawrence
Bar Number 32105
28515 Ranch Road 12
Dripping Springs, TX 78620
P: (512) 699-5632 F: (512) 369-3535
dorothy@dorothybutlerlawfirm.com

- 6 -

By: ***/s/ Carlos C. Alsina***
 Carlos C. Alsina-Batista
 Attorney for Plaintiff
 *Pro hac vice* application to follow

 The Law Offices of Jeffrey Lohman, P.C
 4740 Green River Rd., Ste 206
 Corona, CA 92880
 T: (866) 329-9217 Ext. 1008
 F: (657) 246-1311
 E: CarlosA@jlohman.com